
**FILED**
DEC 2 2 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Manetirony Clervrain,  )
    Plaintiff,  )
v.  ) Civil Action No. 17-1858 (UNA)
Jeff Sessions,  )
    Defendant.  )

## MEMORANDUM OPINION

Plaintiff is a prisoner incarcerated in Pecos, Texas. Appearing *pro se*, plaintiff has filed a "Pleading for the Equal Access to Justice Act Pursuant to 28 U.S.C. § 2412, 1915(B)(4) 1915(E); 5 U.S.C. § 504" and an application for leave to proceed *in forma pauperis*. For the reasons explained below, the *in forma pauperis* application will be granted and this case will be dismissed pursuant to 28 U.S.C. § 1915A, which requires immediate dismissal of a prisoner's complaint that fails to state a claim upon which relief can be granted or is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). And a complaint that lacks "an arguable basis either in law or in fact" is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Plaintiff's prolix complaint places the cart before the horse, insofar as the Equal Access to Justice Act ("EAJA") is triggered only when a party prevails in a lawsuit. *See Select Milk Producers, Inc. v. Johanns*, 400 F.3d 939, 944 (D.C. Cir. 2005) ("EAJA is one of a number of federal statutes that allows courts to award attorney's fees and costs to the 'prevailing party' "

1

(quoting 28 U.S.C. § 2412(d)(1)(A)). Plaintiff does not allege that he is a prevailing party in a lawsuit, let alone one filed in this Court. Instead, plaintiff purports "to challenge the validity of the denial of his application for deterring statutory violations . . . and for the purpose of establishing procedures for the submission and consideration of applications for awards . . . against the [Department of Homeland Security] in order to implement [the EAJA]." Compl. at 1. In contrast to what plaintiff seems to suggest, the EAJA does not confer a substantive right or create a cause of action. *See Halpern v. Principi*, 313 F.3d 1364, 1369 (Fed. Cir. 2002) ("[T]he ultimate conclusion of whether a party prevailed in an action is one of law based on findings of fact, notably whether the party has receive[d] at least some relief on the merits of his claim.") (citation and internal quotation marks omitted; alteration in original)). As a result, the Court concludes that the complaint both fails as a matter of law and is frivolous. A separate order of dismissal accompanies this Memorandum Opinion.

Date: December 21, 2017

United States District Judge